**STATE of Minnesota, Respondent,**

v.

**Lon SYHAVONG, Appellant.**

**No. C0–02–1996.**

Court of Appeals of Minnesota.

May 20, 2003.

Duane A. Kennedy, Attorney at Law, Rochester, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN, and Terry S. Vajgrt, Assistant Rock County Attorney, Rock County Courthouse, Luverne, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge, SCHUMACHER, Judge, and FORSBERG, Judge.*

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellant Lon Syhavong challenges the district court's pretrial order admitting evidence found during a traffic stop, arguing the police impermissibly expanded the scope of the stop to initiate an investigation unrelated to the stop's original purpose and unsupported by reasonable suspicion of other illegal activity. We reverse.

## FACTS

Police officer Jeffrey Stearns stopped a car driven by Syhavong because the car had a broken right rear tail light. Stearns approached the car and saw a woman sitting in the front passenger seat; there was a large black bag on the seat between the woman and the center console. When Stearns explained the reason for the stop, Syhavong said he knew about the broken light. Stearns asked Syhavong where he and the passenger were going and where they had come from, and Syhavong answered they had come from Sioux Falls and were going to Worthington. In his field report of the incident, admitted into evidence at the omnibus hearing in lieu of testimony, Stearns stated that as he spoke with Syhavong, he

> noticed [Syhavong] and his passenger appeared excessively nervous compared to what I normally encounter on an equipment violation traffic stop. The driver was unable to sit still and frequently was looking at the floorboards.

Stearns asked Syhavong if there was anything illegal in the car, and Syhavong said there was not.

Stearns asked the passenger if she was Syhavong's wife or girlfriend and why the two were going to Worthington; the passenger replied they were going to visit a friend. Stearns noticed the passenger "appeared nervous" as he questioned her. Stearns then asked Syhavong if he would consent to a search of the car, and Syhavong consented. Stearns discovered methamphetamine in the car. Syhavong was charged with felony possession of a controlled substance in violation of Minn.Stat. § 152.023, subd. 2(1) (2000).

The district court denied Syhavong's motion to suppress the evidence, finding Stearns had reasonable suspicion to detain Syhavong for further investigative questioning after the completion of the traffic

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

stop. Syhavong waived his right to a jury trial and submitted the case to the district court on stipulated facts pursuant to the procedure set out in *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980). The district court found Syhavong guilty as charged. Syhavong appeals.

### ISSUE

Did the officer have reasonable, articulable suspicion to detain Syhavong once the purpose of the initial traffic stop had been effectuated?

### ANALYSIS

The Fourth Amendment of the United States Constitution and Article I, Section 10 of the Minnesota Constitution prohibit unreasonable searches and seizures. We review the legality of a limited investigatory stop and questions of reasonable suspicion de novo. *State v. Munson,* 594 N.W.2d 128, 135 (Minn.1999).

■■■ Stearns initially stopped Syhavong's car because the rear tail light was broken. *See Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996) (stating vehicle stop is reasonable where officer has probable cause to believe driver committed traffic violation); *State v. Wiegand,* 645 N.W.2d 125, 135 (Minn.2002) (stating "[a] limited investigative stop is lawful if there is a particularized and objective basis for suspecting the person stopped of criminal activity" (citation omitted)). To be reasonable under the Minnesota and federal constitutions, an investigatory stop must be limited in both duration and scope. *Id.* at 136. "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer,* 460 U.S. 491, 500, 103 S.Ct. 1319, 1325, 75 L.Ed.2d 229 (1983). "Moreover, the scope of a stop must be strictly tied to

and justified by the circumstances that rendered the initiation of the investigation permissible." *Wiegand,* 645 N.W.2d at 135 (citation omitted).

> Expansion of the scope of the stop to include investigation of other suspected illegal activity is permissible under the Fourth Amendment only if the officer has reasonable, articulable suspicion of such other illegal activity.

*Id.* (citing *Terry v. Ohio,* 392 U.S. 1, 20–21, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889 (1968)). Reasonable suspicion is determined from the totality of the circumstances. *State v. Lande,* 350 N.W.2d 355, 357–58 (Minn.1984).

Syhavong does not dispute that the initial stop was justified by the broken tail light. He argues, however, that Stearns lacked reasonable, articulable suspicion to expand the scope of the initial investigatory detention by asking Syhavong whether he had anything illegal in the car.

■■■ We first conclude that the state has not demonstrated a reasonable relationship between the purpose of the stop— the broken tail light—and Stearns's question concerning contraband in the car. During a traffic stop, an officer's questions must be limited to the purpose of the stop. *See Royer,* 460 U.S. at 498–500, 103 S.Ct. at 1324–25. This purpose may include a protective search for weapons. *Wiegand,* 645 N.W.2d at 136. An officer may reasonably ask for the driver's license and registration and ask the driver about his destination and the reason for the trip. *United States v. Bloomfield,* 40 F.3d 910, 915 (8th Cir.1994) (en banc). Because Stearns's question about contraband was not related in scope to the circumstances that justified the stop, the resulting detention and inquiry were unreasonable.

■■■ We further conclude Stearns lacked a reasonable, articulable suspicion

that Syhavong was engaged in criminal activity so as to justify expanding the scope of the traffic stop.

> [I]f the responses of the detainee and the circumstances give rise to suspicions unrelated to the traffic offense, an officer may broaden his inquiry and satisfy those suspicions.

*United States v. Barahona*, 990 F.2d 412, 416 (8th Cir.1993). Here, Syhavong's nervousness in the course of the initial questioning was the sole circumstance cited by Stearns to justify expanding the scope of the inquiry.

In arriving at a reasonable suspicion of criminal activity, an officer may make inferences and deductions that might elude an untrained person. *Appelgate v. Comm'r of Pub. Safety*, 402 N.W.2d 106, 108 (Minn.1987). But the officer must demonstrate objective facts to justify that suspicion and may not base it upon a mere hunch. *State v. Cripps*, 533 N.W.2d 388, 391–92 (Minn.1995). Nervousness alone is not an objective fact, but a subjective assessment derived from the officer's perceptions. *State v. Tomaino*, 627 N.W.2d 338, 341 (Minn.App.2001).

While an officer's perception of an individual's nervousness may contribute to an officer's reasonable suspicion, nervousness is not sufficient by itself and must be coupled with other particularized and objective facts. *See id.* (holding defendant's nervousness and marijuana symbol on defendant's key chain were insufficient to justify continued investigatory stop of defendant's vehicle). No such facts were alleged here.

The state argues because Stearns's questions were not overly intrusive, and because the stop was relatively brief, no suspicion of criminal activity was necessary to justify the questioning. We disagree. Detention of an individual during the routine stop of an automobile, even for a brief period, constitutes a "seizure" protected by the Fourth Amendment. *Whren*, 517 U.S. at 809–10, 116 S.Ct. at 1772 (citation omitted). Activities that exceed the scope of a stop are not made reasonable because they are short in duration. *See Wiegand*, 645 N.W.2d at 136–37 (holding use of drug-sniffing dog following routine traffic stop unconstitutionally expanded scope, but not duration, of stop because police had no reasonable, articulable suspicion of criminal activity beyond burned-out headlight).

Where, as here, the validity of a search rests on consent, the state has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given. *Royer*, 460 U.S. at 497, 103 S.Ct. at 1324. Where, as here, a consent to search is given after the original purpose of the stop has been accomplished, the consent is a product of an illegal detention, and evidence subsequently discovered must be suppressed. *See State v. Fort*, 660 N.W.2d 415, 419 (Minn. 2003) (holding evidence must be suppressed where "investigative questioning, consent inquiry, and subsequent search went beyond the scope of the traffic stop and was unsupported by any reasonable articulable suspicion"). The methamphetamine discovered in Syhavong's car was not admissible evidence, and the district court should have granted the motion to suppress.

## DECISION

Although the stop and initial detention of Syhavong was permissible, Stearns lacked the requisite reasonable suspicion of criminal activity to expand the scope of the stop. The continued detention of Syhavong was an illegal seizure, Syhavong's consent to search the car was invalid, and

evidence discovered as a result of the search must be suppressed.

**Reversed.**