*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0481**

State of Minnesota,
Respondent,

vs.

Jerome Alden Streitz, Jr.,
Appellant

**Filed December 21, 2015
Affirmed
Klaphake, Judge**[*]

Stearns County District Court
File No. 73-CR-13-6210

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle Prokopec Kendall, Stearns County Attorney, Carl Ole Tvedten, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Jason W. Migala, St. Cloud, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant challenges his convictions of second-degree possession of a controlled substance and operating a motor vehicle while under the influence of schedule I/II drugs, arguing that the district court erred by not suppressing evidence that was obtained through the expansion of a traffic stop. Because the traffic stop was lawfully expanded, we affirm.

**FACTS**

On the evening of July 16, 2013, a Sauk Centre police officer stopped a car pulling a trailer with improperly functioning taillights. The driver, appellant Jerome Alden Streitz, Jr., stepped out of the car without prompting. The officer, who had previous interactions with Streitz, immediately noticed that "he wasn't the same Jerry Streitz that [he'd] known from a normal basis" and that Streitz was "very hyperactive," sweaty, and had watery, bloodshot eyes with abnormally dilated pupils. He also observed Streitz's rapidly pulsing carotid artery. The officer immediately suspected controlled-substance use. Based on the officer's experience, he found Streitz's explanation for his behavior, that he was hot and tired, not credible. The officer instructed Streitz to open his mouth. Streitz eventually opened his mouth and the officer observed "extreme heat blisters on the back of his tongue, which indicated he had probably been smoking from a glass pipe." The officer administered a *Romberg* test.[1] Streitz estimated the time correctly but was unable to keep his eyes fully closed. The officer arrested Streitz and searched him, finding

---

[1] In a *Romberg* test, the subject stands with his feet together, eyes closed, and head tilted backwards and while attempting to estimate thirty seconds.

methamphetamine, a methamphetamine pipe, and cocaine on Streitz's person. After being read the implied-consent advisory, Streitz provided a urine sample, which tested positive for controlled substances. Streitz was subsequently charged with second-degree possession, fifth-degree possession, operating a motor vehicle under the influence of a controlled substance, and operating a motor vehicle while under the influence of schedule I/II drugs.

Streitz moved to suppress the evidence obtained during the traffic stop and to dismiss the charges. After a contested omnibus hearing, the district court denied Streitz's motion, concluding that the officer permissibly expanded the scope of the traffic stop and that Streitz was not coerced into consenting to the urine test.

The state dismissed the fifth-degree possession and operating a vehicle under the influence of a controlled substance counts, and the court heard the remaining two counts in a stipulated-evidence trial. *See* Minn. R. Crim. P. 26.01, subd. 4 (allowing stipulation to the prosecution's case in order to obtain appellate review of a pretrial issue where the pretrial ruling is dispositive and certain other conditions are met). The district court found Streitz guilty on both counts. This appeal follows.

## D E C I S I O N

Streitz does not contest the validity of the initial traffic stop for improper taillights. But he argues that the district court erred in finding that the expansion of the traffic stop was justified, and therefore the evidence obtained as a result of the expansion must be suppressed. *See State v. Askerooth*, 681 N.W.2d 353, 363 (Minn. 2004) (stating that Minnesota evaluates the reasonableness of seizures during traffic stops under the *Terry*

3

framework). We review the district court's findings of fact for clear error and the legal issue of whether a search was justified by reasonable suspicion de novo. *State v Burbach*, 706 N.W.2d 484, 487 (Minn. 2005).

The scope of a traffic stop "must be strictly tied to and justified by the circumstances that rendered the initiation of the investigation permissible." *State v. Wiegand*, 645 N.W.2d 125, 135 (Minn. 2002). But the Fourth Amendment permits a traffic stop to be expanded when the officer has reasonable, articulable suspicion of other illegal activity. *Id.* "[E]ach incremental intrusion during a stop must be strictly tied to and justified by the circumstances which rendered [the initiation of the stop] permissible." *Askerooth*, 681 N.W.2d at 364 (alteration in original) (quotations omitted). Although the reasonable suspicion standard is "not high," it requires more than a hunch and "at least a minimal level of objective justification for making the stop." *State v. Diede*, 795 N.W.2d 836, 843 (Minn. 2011) (quotations omitted).

We consider the totality of the circumstances in determining whether an officer had reasonable suspicion of illegal activity. *State v. Syhavong*, 661 N.W.2d 278, 281 (Minn. App. 2003). We view the "totality of the circumstances" broadly from the perspective of an objective officer, and consider the "officer's general knowledge and experience, the officer's personal observations, information the officer has received from other sources, the nature of the offense suspected, the time, the location, and anything else that is relevant." *Appelgate v. Comm'r of Pub. Saftey*, 402 N.W.2d 106, 108 (Minn. 1987). A law enforcement officer is permitted to make inferences and deductions that a person untrained in criminal activity might not make. *Syhavong*, 661 N.W.2d at 282.

Streitz argues that the traffic stop did not reveal any signs of illegal activity where there was no impaired driving behavior and he claimed his behavior was a result of being "tired from an exhausting day" of travel. However, the officer testified that even though he initiated the traffic stop because of the improper taillights, he immediately recognized that Streitz was behaving abnormally. He based this observation not only on his previous interactions with Streitz, but factors, including watery eyes, dilated pupils and an unusually intense heartbeat, that based on his training and experience indicated controlled-substance use. We conclude that the district court's finding of fact that the officer had an objective basis to reasonably suspect drug use based on the totality of the circumstances is not clearly erroneous. Because the officer had an objective basis to reasonably suspect drug use based on the totality of the circumstances, the officer permissibly expanded the traffic stop.

**Affirmed.**